UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

United States of America

   v.                 Crim. No. 2:13-cr-153

Gregory W. Brusso

# REPORT AND RECOMMENDATION
(Doc. 54)

  Gregory W. Brusso, proceeding *pro se*, has moved under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence imposed upon him in this Court.  (Doc. 54.)  Brusso was convicted following his plea of guilty to one count of accessing child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).  (Docs. 44, 53, 58.)  On December 1, 2014, United States District Judge William K. Sessions III sentenced Brusso to a term of imprisonment of 18 months, to be followed by a five-year term of supervised release.  (Doc. 53.)  Attorney Richard Bothfeld represented Brusso in the proceedings before this Court from November 21, 2013 through sentencing.

  In his § 2255 Motion, Brusso renews a Fourth Amendment challenge to a search warrant that had been the subject of a pending Motion to Suppress when Brusso pleaded guilty.  (*See* Doc. 32.)  Namely, Brusso again claims that United States Postal Inspector Scott W. Kelley included false statements in the search warrant application (Doc. 1-1).  (*See* Doc. 54 at 4, 5, 7.)  For relief, Brusso seeks to have all charges against him dismissed, immediate release from custody, and "paid comp[e]nsation."  (*Id.* at 13.)  On

May 22, 2015, the government filed a Response in Opposition to Brusso's § 2255 Motion. (Doc. 62.) Brusso filed a Reply on June 23, 2015. (Doc. 63.) In my review of that document, it appeared that Brusso was raising ineffective-assistance-of-counsel claims against Attorney Bothfeld. However, as explained in greater detail below, Brusso has recently informed the Court that he is not raising such claims. (*See* Doc. 73.)

Upon the filing of the Reply, the Court permitted the government to file additional briefing in response to the ineffective-assistance-of-counsel claims thought to have been raised by Brusso. (Doc. 64.)[1] On October 16, 2015, Brusso filed a second Reply in which he expressly disavows presenting a claim of ineffective assistance of counsel. (Doc. 73.) In this Reply, Brusso writes, "I did not intend to claim 'ineffective coun[s]el' as Mrs. Masterson claims! No[]where in my reply did I even mention 'ineffective coun[s]el,' [i]f that was my intention I would of used the [t]erm 'ineffective coun[s]el.'" (Doc. 73 at 1.) Specifically, with regard to Attorney Bothfeld's advice following his sentencing that "there was nothing to appeal," Brusso now states that "[n]o[]where in my reply did I say he advised me in error concerning this." (*Id.*) Regarding the alleged failure to pursue the Motion to Suppress, Brusso asserts that he did not "state anything about Mr. Bothfeld 'failing to p[u]rsue a motion to suppress the results of a Federal Search Warr[a]nt.'" (*Id.* at 2.) And concerning any alleged coercion by his attorney, Brusso writes, "Maybe 'coerced' was the wrong word to use, I should of used the word

---

[1] On July 20, 2015, before the government filed its response, the Court granted the government's Motion to Compel Former Counsel to Provide Information Pertinent to Defendant's Motion For Relief Under 28 U.S.C. § 2255 (Doc. 65). Pursuant to the Court's order, Attorney Bothfeld filed an affidavit responding to the perceived ineffective-assistance claims. (Doc. 70.) On September 16, 2015, the government filed a Supplemental Opposition, arguing that Attorney Bothfeld was effective. (Doc. 71 at 1.)

'Pressured' or 'Backed into a wall.'  Mr. Bothfeld summed up my feelings about pleading guilty quite well in the last paragraph on pg. 13 of his reply.  Thank You Mr. Bothfeld." (*Id.* at 3.)

Accordingly, it is now clear that Brusso has not claimed that he received ineffective assistance of counsel.  Rather, it is clear that Brusso wishes to again challenge the search warrant that led to the initiation of charges against him.  In sum, he argues: (1) that he is "<u>illegally</u> <u>incarcerated</u>" due to a violation of his Fourth Amendment rights (Doc. 73 at 8), and (2) that his claim is not procedurally barred because he is actually innocent.  (*See* Doc. 63 at 4 ("I still feel my guilt is very questionable . . .").)  For the reasons explained below, I conclude that Brusso's Fourth Amendment challenge to the search warrant was waived by his guilty plea, that it is procedurally barred, and that his claim fits within no exception to the procedural-default rule, including the actual-innocence exception.  Therefore, I recommend that his § 2255 Motion (Doc. 54) be DENIED.

## Background

On July 29, 2013, United States Postal Inspector Scott W. Kelley filed an Application for a Search Warrant (Doc. 1) supported by his 19-page affidavit (Doc. 1-1) and two attachments (Docs. 1-2 and 1-3), seeking to search Brusso's residence in Hinesburg, Vermont for evidence related to the receipt or possession of child pornography.  (Doc. 1.)  Based on that application and Kelly's sworn affidavit, United States District Judge William K. Sessions III issued a Search and Seizure Warrant for Brusso's residence, authorizing the search and seizure of, among other things, computer

3

hardware, software, and storage media. (Doc. 5.) The Warrant was executed on July 29, 2013. (*Id.*) The Grand Jury ultimately returned a three-count indictment against Brusso charging him with (1) possession of child pornography on or about July 29, 2013, in violation of 18 U.S.C. § 2252(a)(4)(B) (Count One); (2) receipt of child pornography on or about July 29, 2013, in violation of 18 U.S.C § 2252(a)(2) (Count Two); and (3) accessing images of child pornography with intent to view those images on or about July 28, 2013, in violation of 18 U.S.C. § 2252(a)(4)(B) (Count Three). (Doc. 16.) Count Two, receipt of child pornography, called for a mandatory minimum term of imprisonment of five years upon conviction. 18 U.S.C. § 2252(b)(1).

On March 27, 2014, a Motion to Suppress Evidence was filed by Attorney Bothfeld on behalf of Brusso, in which it was argued that Kelley had knowingly included a false statement in his 2013 search warrant affidavit. (Doc. 32 at 3.) More precisely, the affidavit described a prior investigation into the possible possession of child pornography by Brusso which had been initiated as the result of an October 2008 tip from an internet service provider. (Doc. 1-1 at 8, ¶ 17.) That investigation did not result in the filing of any criminal charges. The affidavit went on to describe a subsequent undercover operation by law enforcement commenced in 2012. (*Id.* at 9–14.) Kelley's affidavit detailed the 2012–2013 investigation, including Brusso's responses to undercover solicitations to receive child pornography. (*Id.* at 11–12.) According to Brusso, the false statement appeared in paragraph 17 of Kelley's affidavit, which summarized the earlier investigation:

4

> I conducted additional research into Gregory Brusso and the Subject Premises, and learned that in October 2008, the National Center for Missing and Exploited Children (NCMEC) received a Cyber tip from Yahoo! Inc reporting that a user had uploaded an image suspected of being child pornography to a group operated by Yahoo!. Subsequent investigation determined that the image suspected of being child pornography did, in fact, depict a known child engaged in sexually explicit conduct. Yahoo! provided the IP address of the user who uploaded the image to the site to NCMEC. NCMEC forwarded the Cyber tip to the Vermont Internet Crimes Against Children (ICAC) Task Force, which learned that the IP address that uploaded the child pornography image was assigned to Gregory Brusso at [his residence] in Hinesburg, Vermont. The ICAC contacted Brusso, advised him of the nature of its investigation, and arranged for an interview. *At this interview, Brusso brought his laptop. Brusso consented to a search of his computer, which revealed that it did not contain any illegal images. The search also revealed that Brusso had reinstalled Windows in the days between when he was contacted by the ICAC and when he appeared with the laptop for the interview.*

(Doc. 1-1 at 8–9, ¶ 17 (emphasis added).) Brusso's Motion to Suppress challenged the emphasized portion of paragraph 17. (Doc. 32 at 1–2.) Brusso contended that the assertion that Brusso had reinstalled a Windows program on his computer between the time he was contacted by law enforcement and a subsequent meeting was a falsehood and that this falsehood was made "knowingly and intentionally or with reckless disregard for the truth." (*Id.* at 1.)

According to Brusso, he had been experiencing problems with his home desktop computer (not his laptop computer) and had reinstalled the Windows operating system on the desktop computer on or about April 18 or 19, 2009. (Doc. 32 at 3.) Brusso maintained that he was contacted by an investigator on April 21, 2009 and that, at a consented-to April 21, 2009 search of his home desktop computer, he told investigators that he had reinstalled Windows on that machine. (*Id.* at 2–3.) Therefore, according to

5

Brusso, "Kelley's statement about [Brusso] reinstalling Windows . . . 'between when he was contacted by the ICAC and when he appeared with the laptop for the interview' was false."  (*Id.* at 3 (citing Doc. 32-2).)

Before the government filed any opposition to the Motion to Suppress, a Plea Agreement was filed on June 27, 2014.  (Doc. 42.)[2]  The Court therefore did not address the Motion to Suppress but instead held a change-of-plea hearing on July 21, 2014.  (Docs. 44, 58.)  In the Plea Agreement, Brusso agreed "to plead guilty to Count Three of the Indictment" (Doc. 42 at 1, ¶ 1), which charged Brusso with the offense of accessing with the intent to view child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).  (Doc. 42 at 2, ¶ 5.)  Brusso stipulated in the Plea Agreement to the facts supporting the count to which he was pleading guilty.  (*Id.* at ¶ 6.)  Specifically, Brusso agreed that on or around July 28, 2013 he accessed internet websites using a computer, with the intent of viewing child pornography.  (*Id.*)  He further agreed that the child pornography was stored in a temporary cache on his computer but was not saved to the hard drive.  (*Id.*)  Also, he stipulated that on July 29, 2013 he told law enforcement that he had viewed images of child pornography.  (*Id.*)

For its part, the government agreed to recommend to the Court at sentencing that Brusso had manifested an acceptance of responsibility for his conduct under United States Sentencing Commission Guidelines (Sentencing Guidelines) § 3E1.1(a) and (b).  (*Id.* at 6–7, ¶ 14.)  The government further agreed to move for dismissal of the two

---

[2]  The government had obtained several extensions of time to file its response to the Motion to Suppress; the Plea Agreement was filed before the latest extension expired.  (*See* Docs. 34, 36, 38, 40, 42.)

6

remaining charges at time of sentencing and to not prosecute Brusso for any other offenses known to the United States.  (*Id.*)  In addition, the parties agreed to make a non-binding joint recommendation that the Court impose a sentence of a 30-month term of imprisonment.  (*Id.* at 7, ¶ 15.)  Lastly, paragraph 19 of the Plea Agreement included an appeal waiver provision.  It states:

> After consulting with counsel, GREGORY BRUSSO agrees that he will not file a direct appeal, or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. §§ 2255 or 2241 (except a Section 2255 motion claiming ineffective assistance of counsel), the conviction or sentence of imprisonment imposed by the Court.

(*Id.* at 8, ¶ 19.)

At the July 21, 2014 change-of-plea hearing, Judge Sessions engaged in the complete colloquy required by Rule 11 of the Federal Rules of Criminal Procedure.  (*See* Doc. 58.)  Under oath, Brusso confirmed that he had an adequate opportunity to go over the charges with his attorney and that he was satisfied with the representation of Attorney Bothfeld.  (*Id.* at 4.)  Judge Sessions explained to Brusso the constitutional rights he was waiving by his admission of guilt.  (*Id.* at 6–7.)  When Judge Sessions asked, "[h]as anyone threatened you or anyone else or forced you in any way to plead guilty today," Brusso answered, "No, sir."  (*Id.* at 7:23–8:1.)  Judge Sessions also described the main points of the Plea Agreement.  (*Id.* at 8–13.)  In particular, Judge Sessions commented on paragraph 19 of the Plea Agreement in the following exchange with the prosecutor:

> THE COURT: . . . [B]ecause there's a joint recommendation of a sentence, I assume, there is a provision in here which suggests that you are waiving your right to appeal.  It's in paragraph 19.  You agree that you are not going to file a direct appeal or collaterally attack the proceedings.

>        Okay.  I mean, generally speaking, we don't accept those, which— you know, sort of a hard-and-fast rule.  Here you have a recommendation as to a sentence, so I'll address that at the time of sentencing.
>        All right?
>        MS. MASTERSON:  It was part of the bargain for exchange, your Honor.  We did—we are walking away from the receipt count which carries the five-year mandatory minimum.  There were a number of concessions on both sides, so it is my hope that the Court will accept that.
>        THE COURT:  All right.  And I will address that.
>        But you have agreed to waive your right to appeal.  Do you understand that?
>        THE DEFENDANT:  Yes, sir.
>        THE COURT:  Okay.  Yeah, and they also had motions that were filed which obviously they waived.  So I assume that there must have been intensive bargaining, correct?  Intensive?
>        MS. MASTERSON:  It was a spirited exchange, your Honor.

(*Id.* at 15:2–16:4.)

The prosecutor proceeded to describe the factual basis for Count Three. (*Id.* at 16–17.)  Brusso agreed that the facts the prosecutor described were accurate, and the defense agreed that the government could prove those facts. (*Id.* at 17.)  After conducting the full Rule 11 inquiry, Judge Sessions concluded that there was a factual basis for Brusso's plea of guilty and that it was made competently, voluntarily, and free from any undue influence. (*Id.* at 18.)  Accordingly, the Court accepted Brusso's guilty plea and ordered the preparation of a presentence report. (*Id.* at 18–19.)

Prior to sentencing the Probation Office prepared a Presentence Investigation Report (PSR) and submitted the PSR to the Court.  The PSR concluded that Brusso faced 37 to 46 months in prison under the Sentencing Guidelines. (PSR at 16, ¶ 71.)

The government and the defense filed sentencing memoranda in anticipation of the sentencing hearing. (Docs. 49, 51.)  Both parties set forth reasons why the sentencing

factors in 18 U.S.C. § 3553(a) supported a variance from the Sentencing Guideline range and urged the Court to impose the agreed-upon sentence of 30 months' imprisonment. (*Id.*)

The Court held a sentencing hearing on December 1, 2014 and sentenced Brusso to an 18-month term of imprisonment to be followed by five years of supervised release. (Doc. 52.)  The Court imposed the 18-month sentence, departing below the 30-month joint recommendation of the parties, because the Court concluded that the case presented a "unique situation." (Doc. 57 at 30:11.) In particular, the Court weighed Brusso's rehabilitative efforts, history of abuse as a child, military service, and acceptance of responsibility. (*Id.* at 29–30.)[3]  The Court noted that both parties could appeal the sentence imposed (*id.* at 28), and pursuant to the government's motion, the Court dismissed Counts One and Two of the Indictment. (*Id.* at 30.)  Brusso did not pursue a direct appeal.  He filed his § 2255 Motion on March 23, 2015. (Doc. 54.)

## Analysis

### I. Standards Governing § 2255 Motions

A prisoner in federal custody may file a motion under 28 U.S.C. § 2255 on the grounds that his sentence was imposed in violation of the Constitution or federal laws, was issued by a court that did not have jurisdiction, was in excess of the lawful maximum, "or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  Relief under § 2255 is therefore generally available "'only for a constitutional error, a lack of

---

[3] At the sentencing hearing, Brusso stated, "I am more than willing to accept responsibility and pay the consequences of my actions." (*Id.* at 16:2–3.)

9

jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice.'" *Cuoco v. United States*, 208 F.3d 27, 30 (2d Cir. 2000) (quoting *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995)). Brusso bears the burden of establishing by a preponderance of the evidence any claim advanced in his § 2255 Motion. *See Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000) (stating "burden of proof" fell on claimant by "preponderance of the evidence"); *Napoli v. United States*, 45 F.3d 680, 683 (2d Cir. 1995) (noting "usual burden" on petitioners).

Two hurdles may bar a prisoner's § 2255 motion. First, a defendant's guilty plea waives any non-jurisdictional claims. *United States v. Hsu*, 669 F. 3d 112, 117–18 (2d Cir. 2012) ("'[I]t is well settled that a defendant's plea of guilty admits all of the elements of a formal criminal charge, and, in the absence of a court-approved reservation of issues for appeal, waives all challenges to the prosecution except those going to the court's jurisdiction.'" (quoting *Hayle v. United States*, 815 F.2d 879, 881 (2d Cir. 1987))). Second, "[a] § 2255 petition may not be used as a substitute for direct appeal." *Marone v. United States*, 10 F.3d 65, 67 (2d Cir. 1993) (per curiam) (citing *United States v. Frady*, 456 U.S. 152, 165 (1982)). Accordingly, where a federal prisoner attempts to use a § 2255 motion to assert a claim that could have been raised on direct appeal but was not so raised, the claim will be procedurally barred unless the prisoner shows (1) cause for failing to raise the claim on direct appeal and prejudice therefrom, or (2) actual innocence. *Zhang v. United States*, 506 F.3d 162, 166 (2d Cir. 2007) ("[T]he procedural default bar may be overcome only where the petitioner establishes either (1) 'cause' for

10

the failure to bring a direct appeal and 'actual prejudice' from the alleged violations; or (2) 'actual innocence.'" (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998))). [4]

Because Brusso plainly states that he "did not intend to claim 'ineffective coun[s]el'" (Doc. 73 at 1), I address only the government's arguments regarding waiver and procedural default.

## II. Waiver

In its Opposition, the government asserts that by his plea of guilty Brusso has waived any claim regarding the search warrant originally raised in his Motion to Suppress. (*See* Doc. 62 at 6.) For the following reasons, I agree.

"'It is well settled that a defendant's plea of guilty admits all of the elements of a formal criminal charge and, in the absence of a court-approved reservation of issues for appeal, waives all challenges to the prosecution except those going to the court's jurisdiction.'" *United States v. Yousef*, 750 F.3d 254, 258 (2d Cir. 2014) (quoting *Hayle*, 815 F.2d at 881); *see also Blackledge v. Perry*, 417 U.S. 21, 29–30 (1974) ("[W]hen a criminal defendant enters a guilty plea, 'he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973))). Here, Brusso's challenge to the search warrant was not reserved for appeal, and Brusso has therefore waived this challenge.

---

[4] By contrast, ineffective-assistance-of-counsel claims are not subject to the procedural-default rules. *Massaro v. United States*, 538 U.S. 500, 504 (2003) ("We hold that an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal.")

11

### III. Procedural Default

#### A. Direct Appeal, Cause, and Prejudice

The government also asserts that Brusso's claims regarding the suppression motion are waived because Brusso did not pursue a direct appeal. (*See* Doc. 62 at 6.) I agree.

Courts "will not afford collateral review to claims that a petitioner failed properly to raise on direct review unless the petitioner shows (1) good cause to excuse the default and ensuing prejudice, or (2) actual innocence." *Harrington v. United States*, 689 F.3d 124, 129 (2d Cir. 2012) (citing *Bousley*, 523 U.S. at 622); *see also United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011). "[T]he 'cause' standard requires the petitioner to show that 'some objective factor external to the defense impeded counsel's efforts to raise the claim.'" *United States v. Crawford-Bey*, No. 1:08-cr-00029-jgm-1, 2014 WL 1778415, at *4 (D. Vt. May 5, 2014) (order) (quoting *McCleskey v. Zant*, 499 U.S. 467, 493 (1991)). The Second Circuit has stated that "the requirement that 'cause' be external to the petitioner does not encompass a petitioner's alleged belated understanding of his rights." *Marone*, 10 F.3d at 67.

Here, Brusso did not pursue any direct appeal, nor does he articulate good cause to excuse the default, or prejudice. In many cases, § 2255 movants assert ineffective assistance of counsel to excuse procedural default. *See, e.g.*, *Crawford-Bey*, 2014 WL 1778415, at *4 (stating claim not barred when ineffective assistance of counsel "provides the 'cause' for the failure to appeal the issue"). Here, Brusso has expressly disavowed a claim of ineffective assistance of counsel. Furthermore, Brusso does not assert cause

12

resulting from an objective, "external impediment" to Attorney Bothfeld. *See Murray v. Carrier*, 477 U.S. 478, 492 (1986) (referencing "external impediment" required for "procedural default on appeal"). For instance, Brusso does not claim that his procedural default resulted from "interference by officials," nor does he make "a showing that the factual or legal basis for a claim was not reasonably available to counsel." *See McCleskey*, 499 U.S. at 494 (quoting *Murray*, 477 U.S. at 488). Consequently, his claims regarding his Motion to Suppress are barred as they are procedurally defaulted.

### B. Actual Innocence

In his June 23 Reply, Brusso states, "I still feel my guilt is very questionable based on the fact that my Constitutional[]y guaranteed rights were grossly violated." (Doc. 63 at 4.) In his October 16 Reply, Brusso seems to renew this argument by stating, "If you read the 'Background to investigation,' [t]here is really nothing there." (Doc. 73 at 3–4.) Courts are required to construe *pro se* documents liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) ("A document filed pro se is 'to be liberally construed.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))). Assuming therefore that Brusso is claiming actual innocence, Brusso's claim fails.

To succeed on a claim of actual innocence, "petitioner must demonstrate that, 'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)) (allowing petitioner to make actual-innocence claim despite being procedurally barred). A court can consider plea admissions as evidence of a defendant's guilt. *See Rosario v. United States*, 164 F.3d 729, 734 (2d Cir. 1998) (holding defendants

13

cannot show actual innocence because of "the facts admitted by the movants at their plea allocutions"). In this context, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

"'To be credible, [an actual-innocence] claim requires petitioner to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial.'" *Singletary v. Fischer*, 227 F.R.D. 209, 221 (E.D.N.Y. 2003) (second alteration in original) (quoting *Schlup*, 513 U.S. at 324). Brusso does not attempt to show his innocence beyond the self-serving conclusory statements that "my guilt is very questionable" (Doc. 63 at 4), and "[i]f you read the 'Background to investigation,' [t]here is really nothing there." (Doc. 73 at 3–4.) In the Plea Agreement, Brusso entered into a stipulation of facts supporting the charge to which he pleaded guilty. (Doc. 42 at 2, ¶ 6.) Moreover, under oath, Brusso admitted to the description of the offense conduct presented by the prosecutor. (Doc. 58 at 17.) Because plea admissions carry a "'strong presumption'" of truth, Brusso fails to meet his burden to show actual innocence. *See United States v. Maher*, 108 F.3d. 1513, 1530 (1997) ("The self-inculpatory statements he made under oath at his plea allocation 'carry a strong presumption of verity.'" (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977))).

**IV.    No Hearing is Required**

In ruling on a § 2255 motion, the district court is required to hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see Pham v. United States*, 317 F.3d 178, 185 (2d Cir. 2003) (stating § 2255 does not permit summary dismissals of motions

14

that present facially valid claims). However, § 2255 does not entitle the defendant to a hearing where his allegations are "vague, conclusory, or palpably incredible." *Machibroda v. United States*, 368 U.S. 487, 495 (1962); *see Chang v. United States*, 250 F.3d 79, 85 (2d Cir. 2001). To warrant a hearing, the defendant's motion must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle him to relief. *See Machibroda*, 368 U.S. at 494; *United States v. Aiello*, 814 F.2d 109, 113–14 (2d Cir. 1987).

Here the existing record is sufficient to rule upon the Motion. Quite simply, Brusso has failed to show specific facts that, if proved at a hearing, would warrant the granting of his § 2255 Motion. Accordingly, no hearing is required.

## Conclusion

For the reasons set forth above, I recommend that Brusso's § 2255 Motion (Doc. 54) be DENIED.

Dated at Burlington, in the District of Vermont, this 29th day of October, 2015.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).